ON THE MOTION TO DISMISS APPEAL
LEAR, Judge.
This suit arose from a joint petition for a declaratory judgment, which was filed by *309 (1) Gilbert M. Dozier (Commissioner of Agriculture); (2) the Fertilizer Commission of the State of Louisiana; (3) Dr. E. A. Epps, Jr. (the Louisiana state chemist); and (4) D. A. Delahoussaye d/b/a Top Crop Seed and Supply Company. The first three petitioners are hereinafter referred to as the “Ag Group.”
The Ag Group administers LSA-R.S. 3:1311, et seq., regulating the licensing of manufacturers and distributors of fertilizer and the testing and sampling of fertilizers made and/or sold in Louisiana. Delahous-saye manufactures and sells fertilizers in Louisiana.
There was a dispute between the Ag Group and Delahoussaye regarding the validity of the procedures used by the Ag Group in both licensing and testing and sampling, the issue being whether or not these procedures violate the due process provisions of both the state and federal constitutions and/or exceed the authority granted to the Ag Group by the above cited statutory provisions.
During April-June of 1978, Delahoussaye was assessed penalties of over forty-five hundred dollars for alleged violations of the law regulating the sale and distribution of fertilizers. Under threat of license revocation, he paid the penalties, without prejudice to his contention that they were invalid, and reserving “his rights to recover said sums in the event this court determines that the procedures which were utilized were improper . . .. ”
The relief requested is a declaratory judgment resolving the issues and declaring the rights and liabilities of the petitioners.
As required by LA-CCP art. 1880, a copy of the petition was served on the attorney general, who then filed dilatory exceptions or prematurity and vagueness and a peremptory exception of no cause of action. The trial court granted the prematurity exception, finding that there had not been an administrative hearing as required by the administrative procedure act, LSA-R.S. 49:951, et seq. Judgment was signed dismissing the suit without prejudice, and De-lahoussaye appealed. The Ag Group then filed the instant motion to dismiss the appeal on the ground that the issue was now moot, alleging that new rules and regulations for the licensing and testing and sampling of fertilizers had been promulgated. Alternatively, the Ag Group filed a peremptory exception of no cause of action based on the same ground.
The Ag Group’s argument is that the present rules and regulations now cure any problem previously complained of by Dela-houssaye. Conspicuously absent in the Ag Group’s motion to dismiss, however, is any statement or allegation by them that they have returned or will return the penalties assessed against Delahoussaye under the old rules. In the absence of a return to Dela-houssaye of the assessed penalties, we find that he has a right to continue to contest the validity of said rules in order to seek the return of these assessed penalties and whatever other relief the law may afford him.
Under these circumstances, we find that the issues herein are not moot, and the motion to dismiss the appeal is therefore denied.
MOTION TO DISMISS APPEAL DENIED.